## ROBAK v. PENNSYLVANIA R. CO.

No. 9916.

United States Court of Appeals Third Circuit.

Argued Nov. 23, 1949.

Decided Dec. 27, 1949.

Joseph S. Clark Jr., Philadelphia, Pa. (J. Peter Williams, Barnes, Dechert, Price, Myers & Clark, Philadelphia, Pa., on the brief), for appellant.

Elwood S. Levy, Philadelphia, Pa. (Richter, Lord & Farage, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

The sole ground for this appeal by the defendant railroad from a verdict against it in an action under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, is alleged error in the trial judge's charge to the jury.

The plaintiff was employed as a laborer in the railroad's Pitcairn, Pennsylvania, upholstery shop. Part of her work was to remove seats in passenger coaches. Plaintiff's testimony gave rise to two possible theories of recovery: (1) that she strained a congenitally weak back in removing a seat which stuck in its place because of a badly bent metal clamp; or (2) that her back condition, either congenital or induced by tugging the recalcitrant cushion, was aggravated by the employer's failure to assign her to lighter work after notice of the back condition.

The appellant's brief emphasizes at the outset that the principal question for the jury was the credibility of the witnesses. The trial judge told the jury: "You will be the sole judges of the facts, that is for you." The same thought, in different words, was given expression more than once in the charge.

The appellant complains, however, that the trial judge confused and obscured the essential controversies of fact and, in addition, gave a charge which presented the case unfairly. The charge does not follow the able analysis of the factual disputes which appears in the appellant's brief. It is not couched in formal language. Evidently the judge talked to the jury as person to person rather than read to them a formal lecture. Both sides presented points for charge. These were couched in formal language and the judge gave a great many of them following his own talk to the jury.

There is no requirement that a federal jury must be charged by reading formal language committed to writing in advance. The colloquial method gains by its intimacy what it may lack in rhetorical finish. Anyone who has been compelled to read a transcript of his own informal remarks realizes bitterly how inadequately the record may convey a thought which was perfectly clear both to speaker and hearers. We think the question is whether, on the whole, the charge gave the jury the necessary legal instruction and whether it presented to them fairly questions which they had to decide. If it did, we think there is no reversible error even though some portions might be improved by polishing and other portions wholly deleted.

Judged by this test we do not think defendant has shown grounds for a new trial. The judge told the jury what the statute was under which recovery was sought. He emphasized to them their responsibility for judging facts and credibility of witnesses. He defined for them the negligence concept and reviewed what

the plaintiff had claimed and the particulars of the defendant's alleged failure to exercise due care. He particularized the definite items of recoverable damage and told them that there was no measurable standard for compensating pain and suffering. Then he charged on the effect of contributory negligence under the statute. This covered the case.

The appellant, however, claims certain specific mistakes of omission or commission with regard to the charge and these we proceed to examine briefly.

■ First, objection was taken to that part of the charge in which the judge said: "was that the type of work that a girl of her build, or her general carriage, should be able to do? She testified, you will recall, that she was to do that work herself, and not be asking for help. Should she be required to do that alone, without help, to tussle with the back of the seat, and carry or drag it down to the end of the car to where this dolly or carriage was that it was placed upon to be rolled away?" It appeared from defendant's evidence that other women employees were assisted by men when a seat was difficult to dislodge, so that there is a conflict as to whether plaintiff was instructed not to ask for help. This conflict was called to the judge's attention and he indicated that he would amend his charge accordingly, but he did not do so.[1] But we do not think that this omission amounts to reversible error. The jury had been reminded that it was the plaintiff who had testified to this effect and it was emphasized throughout that it was to determine the credibility of the witnesses. While it would have been better to have stated specifically that the defendant had denied the plaintiff's statement on this point, we do not believe that the jury could possibly forget it as this was one of the main points of the case.

■ The second exception dealt with the court's leaving to the jury a determination of whether the railroad had received notice of plaintiff's back ailment, and if so,

should and did the railroad do something about it, i. e., give her lighter work. This portion of the main charge was incorrect because the railroad conceded that it had received notice of plaintiff's infirmity. However, it was corrected later when the jury was told just before it left the box that "the real thing you must determine, and where the conflict is: Did the company comply by giving her lighter work at that point and thereafter?" The defendant says this was too late: the harm was already done. If so, every mistake a trial judge makes in a charge must be incurable. Such is not the law. The correction was clear and categorical and left the issue plain.

■ In the third place, exception was taken to the charge on loss of earnings. But any misunderstanding there might have been was subsequently corrected in a supplemental charge. Also, the defendant did not like the language used by the court to the jury with reference to pain and suffering. But it is elementary that there is no fixed standard for measuring pain and suffering and this is what, in effect, the jury was told. Any confusion there was about the duration of such suffering was cleared up by a further instruction given at defendant's request.

■ Finally, the appellant presses the argument that the charge as a whole is slanted in favor of the plaintiff. This is a matter of judgment. We could hardly expect one who has lost a lawsuit to look at it from the same point of view as the victor. Several readings of the charge as a whole do not bear out the complaint made against it. We think it was not shaded in either party's favor. It is true that the court in describing the particular statute under consideration said that railroad work was "peculiar work, * * * dangerous work, * * * hard work, so that the Congress has recognized that by setting it apart." Perhaps some of the description was gratuitous and should better have been omitted, but certainly Congress has set the work apart in the sense that it has passed a

---

1. The opinion of the trial court on the motion for a new trial indicates that the correction was not made because there was not on the record an express denial by plaintiff's superior that he had told the plaintiff to do the work by herself.

statute governing employers' liability in interstate commerce. All of this just discussed was preliminary to the court's explanation of the difference between the common law of contributory negligence and its effect under the statute. The defendant also finds prejudice in the use of the verb "tussle" in describing the lifting of the seat back and dragging it down a car aisle. The judge was describing at the time the plaintiff's theory of the case. He certainly left it to the jury to decide whether the accident had happened as the plaintiff said it did.

It is not without significance that the general objection to the charge as a whole did not appear in points raised by the defendant for a new trial. The impression of the charge at the time must have been different from that which was produced by a detailed inspection of the transcript when it appeared. Even without the benefit of the impression given by the charge at the time it was presented to the jury, we nevertheless think that taken as a whole the general atmosphere created was not that which either side could successfully claim was prejudicial.

The judgment of the District Court will be affirmed.